**EXHIBIT C**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| JOHNSON MEMORIAL MEDICAL CENTER, INC., | Case No. 15-20056 |
| JOHNSON MEMORIAL HOSPITAL, INC., | Case No. 15-20057 |
| HOME & COMMUNITY HEALTH SERVICES, INC., | Case No. 15-20060 |
| JOHNSON HEALTH CARE, INC., | Case No. 15-20061 |
| THE JOHNSON EVERGREEN CORPORATION, and | Case No. 15-20062 |
| JOHNSON PROFESSIONAL ASSOCIATES, P.C., | Case No. 15-20063 |
| Debtors. | (Joint Administration Requested) |
| JOHNSON MEMORIAL MEDICAL CENTER, INC., JOHNSON MEMORIAL HOSPITAL, INC., HOME & COMMUNITY HEALTH SERVICES, INC., and JOHNSON HEALTH CARE, INC., | |
| Movants, | |
| vs. | Contested Matter No. |
| PEOPLE'S UNITED BANK, THE PENSION BENEFIT GUARANTY CORPORATION, CLIFFORD A. ZUCKER, and DR. RENEE PRINCE, | |
| Respondents. | |

**ORDER AUTHORIZING AND APPROVING (I) THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS TO SAINT FRANCIS *CARE*, INC. AND (II) RELATED RELIEF[1]**

Upon the motion (the "Motion")[2] of Johnson Memorial Medical Center, Inc. ("JMMC"), Johnson Memorial Hospital, Inc. ("JMH"), Johnson Health Care, Inc. ("JHC"), and Home and Community Health Services, Inc. ("HCHS"; together with JMMC, JMH and JHC, the "Debtors"), pursuant to Bankruptcy Code sections 105(a), 363 and 365 and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014, for entry of an order approving the Bid Procedures, for entry of an order authorizing and approving, among other things, the sale of all or substantially all of the Debtors' assets, real and personal, tangible and intangible, associated with owning, leasing, managing and operating the Facilities (collectively, the "Business") to Saint Francis *Care*, Inc. or its designee(s) (collectively, "SFC") free and clear of all Claims and Encumbrances (as defined below) and related relief (Docket No. [ ]) ; and the Order Approving Bid Procedures and Providing Certain Protections to SFC and Granting Related Relief (Docket No. [ ]) (the "Bid Procedures Order"); and it appearing that due and appropriate notice of the Motion, the Bid Procedures Order, the Bid Procedures, the Auction and the Sale Hearing was given; and it appearing that no other notice of the relief granted by this Order need be given; and the Court having conducted a hearing on the Motion on [ ] (the "Sale Hearing") at which time all interested parties were offered an opportunity to be heard with respect to the Motion; and the Debtors having determined that SFC has submitted the highest and best bid for the assets of the Debtors that SFC has offered to purchase as more specifically described in the APA (the

---

[1] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion or that certain Asset Purchase Agreement by and between the Debtors, as sellers, and SFC, as buyer (the "APA").

"Purchased Assets"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding entry of this Order and approval of the Sale Transaction (as such term is defined in the Bid Procedures Order) and the APA (as such term is defined in the Bid Procedures Order); and this Court being fully advised in the premises; this Court, based upon the arguments, testimony and evidence presented to it, hereby makes the following findings of fact and conclusions of law:

A. This Court has jurisdiction to hear and determine the Motion and to grant the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B. This Order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). To any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7054, this Court expressly finds that there is no just reason for delay in the implementation of this Order, and expressly directs entry of judgment as set forth herein.

C. This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A), (N) and (O).

D. The statutory predicates for the Motion are sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 9007 and 9014.

E. As evidenced by the affidavits of service filed with the Court, and based upon the representations of counsel at the Sale Hearing, (i) proper, timely and adequate notice of the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction and the Bid Deadline as approved herein has been provided in accordance with Bankruptcy Rules 2002, 6004, 9007 and 9014, (ii) such notice was good, sufficient and appropriate under the circumstances, and (iii) no other or further notice of the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction, the Auction or the Bid Deadline as provided herein is necessary or shall be required.

F. A reasonable opportunity to object or be heard with respect to the Motion and the Sale Transaction has been afforded to all interested persons and entities, including, without limitation: (i) the office of the United States Trustee, (ii) all creditors as defined in Section 101(1) of the Bankruptcy Code, (iii) all entities known to have asserted any lien, interest or encumbrance upon the Debtors' assets, (iv) counsel for SFC, (v) counsel for the Official Committee of Unsecured Creditors, if any, (vi) counsel to the Debtors' prepetition secured lenders, (x) all entities known by the Debtors to have expressed an interest in acquiring the Debtors' assets in the previous calendar year, (vii) the United States Attorney's Office, (viii) the United States Department of Justice, (ix) the Internal Revenue Service, (x) the Pension Benefit Guaranty Corporation; (xi) appropriate state regulatory agencies, including, without limitation,

the Connecticut Department of Energy & Environmental Protection, the Connecticut Attorney General's Office, and the Connecticut Department of Revenue Services; (xii) all counterparties to any executory contract or unexpired lease; (xviii) any other persons known by the Debtor to hold, assert or have threatened to assert and claims against the Debtor, including, without limitation, any malpractice or tort claims, (xiv) Healthcare Finance Group, LLC, and (xv) all other parties who filed requests for notice under Bankruptcy Rule 2002 in these cases.

G. Notice, as specified in the preceding paragraph and as evidenced by the affidavits of service filed with the Court, has been provided in the form and manner specified in the Motion and required by the Bid Procedures Order, and such notice is reasonable and adequate.

H. The process for the sale of the Purchased Assets was conducted in accordance with the Bid Procedures Order. At the conclusion of the Auction, SFC was deemed the Successful Bidder with the highest and best offer for the Purchased Assets.

I. The Auction was conducted in accordance with the Bid Procedures Order. The Auction was conducted in a non-collusive, fair and good faith manner and a reasonable opportunity has been given to any interested party to make a higher and better offer for the Purchased Assets.

J. SFC is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision.

K. The APA was negotiated, proposed and entered into by the Debtors and SFC without collusion, in good faith and from arms'-length bargaining positions. Neither the Debtors nor SFC have engaged in any conduct that would cause or permit the Sale Transaction or any part of the transactions contemplated by the APA to be avoidable under section 363(n) of the Bankruptcy Code.

L. As demonstrated by (i) any testimony and other evidence proffered or adduced at the Sale Hearing, and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtors afforded interested potential purchasers a full and fair opportunity to qualify as Qualified Bidders under the Bid Procedures and to submit an offer for the Purchased Assets.

M. SFC is not an "insider" of the Debtors, as that term is defined in section 101(31) of the Bankruptcy Code.

N. The consideration provided by SFC for the Purchased Assets pursuant to the APA (i) is fair and reasonable, (ii) is the highest and best offer for the Purchased Assets, (iii) will provide a greater recovery for all of the Debtors' stakeholders than would be provided by any other practical available alternative and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws.

O. The Debtors have demonstrated a sufficient basis and compelling circumstances requiring the Debtors to enter into the APA and sell the Purchased Assets under section 363 of

the Bankruptcy Code, and such actions are appropriate exercises of the Debtors' business judgment and are in the best interests of the Debtors, their estates and their creditors.

P. The marketing and bidding processes implemented by the Debtors and their advisors, as set forth in the Motion, were fair, proper, and reasonably calculated to result in the best value received for the Purchased Assets.

Q. The Debtors have full authority and power to execute and deliver the APA and related agreements and all other documents contemplated by the APA, to perform their obligations therein and to consummate the Sale Transaction. Except as set forth in the APA, no additional consents or approvals are necessary or required for the Debtors to enter into the APA, perform their obligations therein and consummate the Sale Transaction.

R. SFC would not have entered into the APA and would not consummate the Sale Transaction, thus adversely affecting the Debtors, their patients, the Debtors' estate and the Debtors' creditors, if the Purchased Assets were not sold to it free and clear of all Claims and Encumbrances or if SFC would, or in the future could, be liable for any Claims and Encumbrances against the Purchased Assets, except as specifically provided in the APA.

S. Not selling the Purchased Assets free and clear of any and all Liens (other than Permitted Liens), claims (as defined in section 101(5) of the Bankruptcy Code), security interests, mortgages, encumbrances, obligations, including employee benefit obligations (including, without limitation, under the Employee Retirement Income Security Act or the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), and further including any obligations to former employees of the Debtors under COBRA), Liabilities (other than Assumed Liabilities), including liabilities under CERCLA and all other Environmental Laws, charges against or interests in property, adverse claims, claims of possession, rights of way, licenses, easements or restrictions of any kind, demands, guarantees, actions, causes of actions, suits, defenses, deposits, credits, allowances, options, rights, restrictions, remedies, limitations, contractual commitments, rights of first refusal, rights of setoff or recoupment, or interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this chapter 11 case, whether imposed by agreement, understanding, law, equity or otherwise, including, without limitation, any rights or claims based on theories of transferee or successor liability under applicable law, statute, rule, regulation, common law or equitable principle, including, without limitation, any Environmental Laws, labor or employment laws (such as unemployment compensation), ERISA, the Code, and COBRA, of any Governmental Entity, including, without limitation, the Pension Benefit Guaranty Corporation, the IRS, state and local taxing authorities and any Governmental Entity, whether arising before or after the commencement of the Bankruptcy Case and whether imposed by agreement, understanding, law, equity, regulation, custom or otherwise, including, without limitation, the Benefit Plans (as such term is defined in the APA), save and excepting only those Liabilities expressly assumed by SFC in writing pursuant to the APA, subject to applicable law, including section 363 of the Bankruptcy Code (collectively, the "Claims and Encumbrances") would adversely impact the Debtors' estate, and the sale of the Purchased Assets other than as free and clear of all Claims and Encumbrances would be of substantially less value to the Debtors' estate.

T.      The provisions of section 363(f) of the Bankruptcy Code have been satisfied. All holders of Claims and Encumbrances, if any, who did not object, or withdrew their objections to the Sale Transaction, are deemed to have consented to the Sale Transaction.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, EFFECTIVE IMMEDIATELY, AS FOLLOWS:**

1.      The relief requested in the Motion is granted and approved in all respects, as set forth herein. The Debtors' entry into the APA and the Sale Transaction is hereby approved in all respects. Objections to the relief sought in the Motion that have not been previously resolved or withdrawn are hereby overruled on their merits.

2.      The Debtors are authorized and directed to take any and all actions necessary or appropriate to (a) consummate the Sale Transaction in accordance with the Motion, the APA and this Order, and (b) perform, consummate, implement and close fully the Sale Transaction, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA including, without limitation, consenting to the assignment by SFC of any of its rights under or relating to the APA.

3.      Those holders of Claims and Encumbrances and other non-Debtor parties who did not object, or who withdrew their objections to entry of this Order, the Motion, the Bid Procedures Order, the Sale Hearing, the Sale Transaction and the APA are deemed to have consented to this Order, the Bid Procedures Order, the Sale Transaction and the APA pursuant to section 363(f)(2) of the Bankruptcy Code and are enjoined from taking any action against SFC, its successors, its assigns, its representatives, its affiliates, its properties, or any agent of the foregoing to recover any claim which such person or entity has against the Debtors or any of their affiliates or any of the Debtors' property. Those holders of Claims and Encumbrances and other non-Debtor parties who did object, if any, fall within one or more of the other subsections

of section 363(f) of the Bankruptcy Code and are adequately protected by having their Claims and Encumbrances, if any, attach to the proceeds of the Sale Transaction ultimately attributable to the property against or in which they assert a Claim or Encumbrance.

Sale and Transfer of the Purchased Assets

4.  Upon Closing, the Purchased Assets transferred, sold and delivered to SFC shall be free and clear of all Claims and Encumbrances of any person or entity, except as specifically provided in the APA, including, without limitation, as specifically provided for with respect to the HFG Debt and the People's Debt.  The transfer of the Purchased Assets to SFC constitutes a legal, valid and effective transfer of the Purchased Assets and shall vest SFC with all right, title and interest in and to the Purchased Assets.

5.  Upon closing of the Sale Transaction, this Order shall be construed as, and shall constitute for any and all purposes, a full and complete general assignment, conveyance and transfer of the Purchased Assets pursuant to the terms of the APA.

6.  Effective on the Closing, all entities, including, but not limited to, the Debtors, creditors, employees, former employees and shareholders, administrative agencies, tax and regulatory authorities, governmental departments, secretaries of state, federal, state and local officials, and their respective successors or assigns, including, but not limited to, persons asserting any Claim or Encumbrance against each Debtors' assets, shall be permanently and forever barred, restrained and enjoined from commencing or continuing in any manner any action or other proceeding of any kind against the Purchased Assets or SFC (or its successors, assigns, agents or representatives) as alleged successor or otherwise with respect to any Claims and Encumbrances on or in respect of the Purchased Assets, except as specifically provided in the APA, including, without limitation, as specifically provided for with respect to the HFG Debt and the People's Debt.

7.      Each and every term and provision of the APA, together with the terms and provisions of this Order, shall be binding in all respects upon all entities, including, but not limited to the Debtors, SFC, creditors, employees, former employees and shareholders, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and their respective successors or assigns, including but not limited to persons asserting any Claim or Encumbrance against or interest in the Debtors' estate or the Debtors' assets, including any subsequent appointment of a trustee or other fiduciary under any section of the Bankruptcy Code.

8.      Upon the Closing, all entities holding Claims and Encumbrances of any kind and nature against the Debtors' assets hereby are barred from asserting such Claims and Encumbrances against SFC (or its successors, assigns, agents or representatives) and/or the Purchased Assets and, effective upon the transfer of the Purchased Assets to SFC upon Closing, the Claims and Encumbrances shall attach to the proceeds of the Sale Transaction with the same force, validity, priority and effect, if any, as against the Debtors' assets, except as specifically provided in the APA, including, without limitation, as specifically provided for with respect to the HFG Debt and the People's Debt.

9.      The APA and the Sale Transaction may be specifically enforced and are binding upon, and not subject to rejection or avoidance by, the Debtors or any Chapter 7 or Chapter 11 trustee of the Debtors appointed pursuant to the Bankruptcy Code or other representative or their estates.

10.     This Order (a) is and shall be effective as a determination that, upon Closing, all Claims and Encumbrances existing as to the Debtors' assets conveyed to SFC have been and hereby are adjudged to be unconditionally released, discharged and terminated, with all such

Claims and Encumbrances attaching automatically to the proceeds in the same manner and priority, except as specifically provided in the APA, and (b) shall be binding upon and govern the acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Debtors' assets conveyed to SFC. All Claims and Encumbrances of record as of the date of this Order shall be removed and stricken as against the Purchased Assets in accordance with the foregoing, except as specifically provided in the APA, including, without limitation, as specifically provided for with respect to the HFG Debt and the People's Debt. All entities are authorized and specifically directed to strike all such recorded Claims and Encumbrances against the Purchased Assets from their records, official or otherwise.

11.    If any person or entity which has filed financing statements, mortgage, notices of <u>lis pendens</u> or other documents or agreements evidencing Claims and Encumbrances on the Purchased Assets shall not have delivered to the Debtors prior to closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements and any other documents necessary for the purpose of documenting the release of all Claims and Encumbrances which the person or entity has or may assert with respect to the Purchased Assets, the Debtors are hereby authorized and directed upon closing, and SFC is hereby authorized upon closing, to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the

Purchased Assets.  Upon closing of the Sale Transaction, each of the Debtors' creditors is authorized and directed to execute such documents and take all such actions as may be necessary to release their respective Claims and Encumbrances against the Purchased Assets.

12. Upon closing, SFC (or its successors, assigns, agents or representatives) shall not be deemed to be (a) a successor to the Debtors, (b) <u>de facto</u> merged with the Debtors, or (c) a mere continuation of the Debtors.  Without limiting the generality of the foregoing, and except as specifically provided in the APA, SFC (or its successors, assigns, agents or representatives) shall not be liable for any Claims and Encumbrances against the Debtors or any of its predecessors or affiliates or assets under any theory of antitrust, environmental, labor or employment, <u>de facto</u> merger, mere continuation, whether known or unknown, other than as expressly provided for in the APA or in this Order.

Additional Provisions

13. The provisions of this Order and the APA and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered (a) confirming or consummating any plan of reorganization of the Debtors, (b) converting any of the Debtors' cases from chapter 11 to chapter 7, (c) dismissing any of the Debtors' bankruptcy cases or (d) appointing a chapter 11 trustee or examiner, and the terms and provisions of the APA as well as the rights and interests granted pursuant to this Order and the APA shall continue in this or any superseding case and shall be binding upon the Debtors, SFC and their respective successors and permitted assigns.

14. Each and every federal, state and governmental agency or department and any other person or entity is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

15. Upon Closing, SFC shall pay to the Debtors the Purchase Price, less the Good-Faith Deposit. The consideration provided by SFC for the Purchased Assets under the APA constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Transfer Act and all other applicable laws.

16. Nothing contained in any order of any type or kind entered in this chapter 11 case or any related proceeding subsequent to entry of this Order, nor in any chapter 11 plan confirmed in this chapter 11 case, shall conflict with or derogate from the provisions of the APA or the terms of this Order. Further, the provisions of this Order and any actions taken pursuant hereto shall survive the entry of an order confirming any plan of reorganization or liquidation for the Debtors, the conversion of the Debtors' case from chapter 11 to a case under chapter 7 of the Bankruptcy Code or the dismissal of the Debtors' bankruptcy cases.

17. To the extent, if any, anything contained in this Order conflicts with a provision in the APA, this Order shall govern and control.

18. SFC is purchasing the Purchased Assets in good faith and is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the protection of that provision. The consideration provided by SFC for the Purchased Assets is fair and reasonable, and the Sale Transaction may not be avoided under section 363(n) of the Bankruptcy Code.

19. This Court retains jurisdiction, even after conversion of this chapter 11 case to a case under chapter 7, to (a) interpret, implement and enforce the terms and provisions of this Order (including any injunctive relief provided in this Order) and the terms of the APA, all amendments thereto and any waivers and consents thereunder and of each of the agreements executed in connection therewith; (b) protect SFC (and its successors, assigns, agents and

representatives) and the Purchased Assets from and against any of the Claims and Encumbrances; (c) resolve any disputes arising under or related to the APA or the Sale Transaction; (d) adjudicate all issues concerning alleged pre-Closing Claims and Encumbrances and any other alleged interests in and to the Debtors' assets, including the extent, validity, enforceability, priority and nature of all such alleged Claims and Encumbrances and any other alleged interests; (e) adjudicate any and all issues and/or disputes relating to the Debtors' right, title or interest in the Debtors' assets, the Motion and/or the APA; and (f) dispose of all claims that are not Assumed Liabilities under the APA.

20. From and after the date hereof, the Debtors shall act in accordance with the terms of the APA and the Debtors, to the extent they have not already done so, shall execute the APA at or prior to Closing.

21. This Order constitutes an authorization of conduct by the Debtors and nothing contained herein shall be deemed to constitute a ruling with regard to the sovereign immunity of any state. The failure of any state to object to the entry of this Order shall not operate as a waiver with respect thereto.

22. This Order and the APA shall be binding in all respects upon all creditors (whether known or unknown) of the Debtors, all successors and assigns of SFC, the Debtors and their affiliates and subsidiaries, the Debtors' assets, and any subsequent trustee appointed in the Debtors' chapter 11 cases or in any chapter 7 case or upon (a) a conversion of this chapter 11 case to a case under chapter 7 or (b) dismissal of the Debtors' bankruptcy case.

23. The failure specifically to include any particular provisions of the APA in this Order shall not diminish or impair the efficacy of such provisions, it being the intent of the Court

that the APA and each and every provision, term and condition thereof be, and therefore is, authorized and approved in its entirety.

24. The provisions of this Order are nonseverable and mutually dependent.

25. The automatic stay of section 362(a) of the Bankruptcy Code shall not apply to and otherwise shall not prevent the exercise or performance by any party of its rights or obligations under the APA, including, without limitation, with respect to any cash held in escrow pursuant to the provisions thereof.

26. This Sale Order shall take effect immediately and shall not be stayed pursuant to Bankruptcy Rules 6004(g), 6004(h), 6006(d), 7062, or otherwise.