UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | ) | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| JOHNSON MEMORIAL | ) | Jointly Administered under |
| MEDICAL CENTER, INC., et al.,[1] | ) | Case No. 15-20056 (ASD) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**MOTION FOR ORDER TO SHORTEN AND PRESCRIBE
NOTICE ON MOTIONS TO APPROVE BID PROCEDURES**

Johnson Memorial Medical Center, Inc. ("JMMC"), Johnson Memorial Hospital, Inc. ("JMH"), Home & Community Health Services, Inc. ("HCHS"), and Johnson Health Care, Inc. ("JHC"; together with JMMC, JMH and HCHS, the "Debtors"), by and through their proposed counsel, Reid and Riege, P.C., hereby move this Court for an order to shorten and prescribe notice on the motions described herein and, in support thereof, respectfully represent as follows:

1.   On January 14, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut. Since the Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.   The Debtors are private, not for profit corporations. JMMC is the parent corporation of JMH, JHC and HCHS. JMMC also owns real estate in Enfield, Connecticut,

---

[1] Johnson Memorial Medical Center, Inc., Case No. 15-20056, Johnson Memorial Hospital, Inc., Case No. 15-20057, Home & Community Health Services, Inc., Case No. 15-20060, Johnson Health Care, Inc., Case No. 15-20061, The Johnson Evergreen Corporation, Inc., Case No. 15-20062, Johnson Professional Associates, P.C., 15-20063.

22900.000/618008.1                         -1-

including two medical office buildings. JMMC's revenue in 2014 was approximately $1.2 million.

3. JMH owns and operates a ninety-two bed, acute care hospital located in Stafford Springs, Connecticut. JMH also leases space in the Enfield property from JMMC, where JMH operates a surgery center, an advanced wound care center, and an infusion center. JMH offers a comprehensive array of inpatient and outpatient services, including medical and surgical, obstetrics and gynecology, pediatrics, behavioral health, intensive/coronary care, infusion and chemotherapy, rehabilitation and emergency care. JMH has approximately 607 employees and its revenue in 2014 was approximately $67 million.

4. HCHS provides home health and hospice care to residents of North Central Connecticut. Services provided by HCHS include skilled nursing, behavioral health, wound care, hospice, bereavement, palliative care, physical, occupational and joint replacement therapy, cancer care rehabilitation, cardio/respiratory rehabilitation, health screenings, flu clinics and health education programs. HCHS has approximately 67 employees and its revenue in 2014 was approximately $5.64 million.

5. JHC provides occupational medicinal services. JHC works exclusively with businesses, and offers, among other services, effective management of workers' compensation cases and return to work programs. Services provided by JHC include physical exams, drug screenings, rehabilitation, worksite assistance focused on safety and productivity, ergonomic evaluations, medical surveillance exams, travel immunizations, and educational programs, clinics and presentations. JHC has approximately six employees and annual revenue of approximately $525,000.

6.  Since prior to 2008, the Debtors have faced significant financial operating deficits and struggled to maintain financial stability, especially in light of national trends of shrinking reimbursement levels, lower investment returns, and the need for hospitals generally to make ongoing and substantial investments in new medical and information technologies and facilities. Confronted with the reality that, due to market and government regulatory forces in the health care industry, lack of capital, reduced government reimbursement rates, low census and an unsustainable level of debt, continuing to operate as independent, stand alone entities would be extremely difficult, the Debtors commenced these cases to sell substantially all of their assets, without delay, to Saint Francis *Care*, Inc., pursuant to Bankruptcy Code section 363. Such a sale will preserve and maximize the going concern value of the Debtors' properties, preserve and provide jobs for the Debtors' employees, and allow for the continued delivery of healthcare services to residents of North Central Connecticut. The Debtors believe that the proposed sale is the best available alternative to accomplish the foregoing under all of the facts and circumstances.

7.  On January 15, 2015, each of the Debtors filed in their cases their Motion Pursuant To Bankruptcy Code Sections 105, 363 and 365 And Bankruptcy Rules 2002, 6004 and 6006, For (I) An Order (A) Approving Bidding Procedures And Bidder Protections In Connection With The Sale Of Substantially All Of Their Assets, (B) Approving Procedures For The Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases In Connection Therewith and (C) Scheduling A Final Sale Hearing And Approving The Form And Manner Of Notice Thereof; And (II) An Order (A) Authorizing The Sale Of Substantially All Of Their Assets, Free And Clear Of Liens, Claims, Interests And Encumbrances And (B) Granting Certain Related Relief (Doc. ID # 24 in Case No. 15-20056, Doc. ID # 18 in Case No. 15-20057,

Doc. ID # 17 in Case No. 15-20060, and Doc. ID # 17 in Case No. 15-20061, the "Sale Motions"). The Debtors respectfully request that the Court schedule an expedited hearing (the "Bid Procedures Hearing") on part (I) of the Motions, i.e., the approval of biddings procedures and bidder protections and approval of assumption and assignment procedures portions of the Motions, by shortening and limiting notice.

8. The relief to be sought at the Bid Procedures Hearing is critical to the Debtors' cases. As set forth in the Sale Motions, time is of the essence. HFG, the Debtors' debtor in possession lender, has required that that the Debtors obtain this Court's approval of the sale in not more than 150 days after the Petition Date, and required that Debtors obtain approval of proposed bidding procedures in not more than 35 days after the Petition Date. In addition, in particular given the previous chapter 11 of JMMC of JMH, the Debtors are concerned that a lengthy, uncertain sale process may damage the Debtors' businesses. The confidence of employees, doctors, and patients in the areas served could be affected by a long process. Further, suppliers and service providers, many of whom were creditors of JMMC and JMH in the 2008 bankruptcy case, could lose confidence in the Debtors and/or refuse to do business with the Debtors. For the forgoing reasons, a lengthy sale process could negatively impact the Debtors' viability. If the bidding procedures portion of the Sale Motions are not considered promptly, the sale process will be slowed down and the Debtors and their estates and creditors will be adversely affected.

9. The Debtors therefore request that a hearing be scheduled on the Sale Motions on February 5, 2015, at 2:00 p.m. There already is a hearing scheduled on that date and time on a final borrowing order in the Debtors' cases. The Debtors further request that notice of such hearing be sufficient if mailed or otherwise given on or before January 20, 2015.

10. The Debtors have hundreds of creditors. The cost and time of photocopying and mailing the Sale Motions in connection with the Bid Procedures Hearing to all of the Debtors' creditors would be a substantial burden on the Debtors' estates. It is submitted that the best interests of the Debtors' estates will be protected and economy served by limiting service to the Office of the United States Trustee; counsel to Healthcare Finance Group, LLC (i.e., the agent of the Debtors' secured lender), counsel to People's United Bank (secured creditor); counsel to St. Francis *Care*, Inc., (the proposed buyer); counsel to Clifford Zucker (a secured creditor); counsel to the PBGC (a secured creditor); the twenty largest unsecured creditors of each of the Debtors; and all parties who have requested notice.

WHEREFORE, the Debtors request this Court to shorten and prescribe notice of the Bid Procedures Hearing and the Sale Motions (only with respect to the bidding procedures and assumption and assignment procedures portions of the Sale Motions) as set forth above and for such other and further relief as is just and equitable.

Dated at Hartford, Connecticut, this 16th day of January, 2015.

        JOHNSON MEMORIAL MEDICAL CENTER, INC., JOHNSON MEMORIAL HOSPITAL, INC., HOME & COMMUNITY HEALTH SERVICES, INC., and JOHNSON HEALTH CARE, INC.

        By   /s/ Eric Henzy
           Eric Henzy
           Federal Bar No. ct12849
           Jon P. Newton
           Federal Bar No. ct03376
           Reid and Riege, P.C.
           One Financial Plaza
           Hartford, CT 06103-2600
           (860) 278-1150
           Fax (860) 240-1002
           ehenzy@rrlawpc.com
           jnewton@rrlawpc.com
           Their Attorneys