**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD DIVISION**

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| **JOHNSON MEMORIAL MEDICAL CENTER, INC., et al,**[1] | : Jointly Administered Under |
| | : Case No. 15-20056 (ASD) |
| | : |
| **Debtor.** | : |
| | : |

**LIMITED OBJECTION OF CLIFFORD A. ZUCKER, PLAN CUSTODIAN, TO THE MOTION OF DEBTORS AND DEBTORS IN POSSESSION, PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 361, 362, 363, AND 364 AND BANKRUPTCY RULES 2002, 4001, 6004, AND 9014 FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING THE DEBTORS TO REPAY CERTAIN EXISTING DEBT, (III) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (IV) GRANTING ADEQUATE PROTECTION, (V) STIPULATING TO THE VALIDITY, ENFORCEABILITY AND NON-AVOIDABILITY OF CERTAIN PRE- PETITION LIENS, (VI) SCHEDULING A FINAL HEARING, AND (VII) GRANTING RELATED RELIEF**

Clifford A. Zucker, Plan Custodian, (the "Plan Custodian"), through counsel, objects to the motions (the "Motion") of Johnson Memorial Medical Center, Inc., Johnson Memorial Hospital, Inc., The Johnson Evergreen Corporation, Home & Community Health Services, Inc., Johnson Health Care, Inc., and Johnson Professional Associates, P.C. (the "Debtors") for interim and final orders pursuant to Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code, and Rules 2002, 4001, 6004, and 9014 of the Bankruptcy Rules authorizing the Debtors to (i) obtain post-petition financing, (ii) repay existing debt,

---

[1] Johnson Memorial Medical Center, Inc., Case No. 15-20056, Johnson Memorial Hospital, Inc., Case No. 15-20057, Home & Community Health Services, Inc., Case No. 15-20060, Johnson Health Care, Inc., Case No. 15-20061, The Johnson Evergreen Corporation, Inc., Case No. 15-20062, Johnson Professional Associates, P.C., 15-20063.

(iii) use cash collateral, (iv) grant adequate protection, (v) stipulate to the validity, enforceability, and non-avoidability of pre-petition liens, (vi) schedule a final hearing, and (vii) receive related relief. In support of this limited objection, the Plan Custodian submits the following:

## I.    BACKGROUND

1.    On January 14, 2015 ("Petition Date)", the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On January 15, 2015, the Court entered an order directing joint administration. Upon information and belief, the Debtors continue to operate their business and manage their affairs as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

## II.    OBJECTION

2.    The Plan Custodian objects to those provisions in the proposed final order authorizing the debtor in possession financing and approving the DIP Loan Agreement annex to the Motion as Exhibit "A" which provides that the Debtors must obtain entry of an order approving the sale of virtually all of their assets within 150 days of the Petition Date. The Plan Custodian submits this time period is unrealistic and to a large extent arbitrary.

3.    As more particularly set forth in separately filed pleadings of the Debtors' seeking to approve a sale of assets and bidding procedures in connection with the proposed sale, the Debtors have done zero marketing of their assets since July 27, 2011. The Debtors do not propose to retain an independent professional or investment banker to solicit offers for the debtors assets and the Plan Custodian intends to object, *inter alia*, to the bid procedures because they lack sufficient time to market and solicit offers.  Given

the lack of prepetition marketing, the Plan Custodian submits that it will take 60 to 90 days to solicit parties in interest to submit a bid for the Debtors' assets, and that once such parties are found they will need additional time to perform due diligence.  Compressing all of those activities into 150 days, especially given the complexity of the Debtors' affairs and the length of time it took its stalking horse purchaser to perform due diligence and negotiate assumption agreements with the Debtors' lenders, the 150 day deadline is unrealistic.  Based upon the above, the Court should deny that aspect of the proposed financing which sets a 150 time limit for entry of an order approving the sale of assets.

     WHEREFORE, Clifford A. Zucker, as Plan Custodian, requests this Court deny the relief sought to the extend it sets a deadline of 150 days to obtain entry of an order approving the sale of the Debtors' assets, and for such other and further relief as this Court deems just and proper.

                                               Respectfully Submitted,

                                               RESPONDENT,
                                               CLIFFORD A. ZUCKER, PLAN CUSTODIAN
                                               By____/s/ Craig I. Lifland_____
                                                   Craig I. Lifland
                                                   Fed. Bar No. ct00976
                                                   lifland@halloransage.com
                                                   HALLORAN & SAGE LLP

# **CERTIFICATE OF SERVICE**

In accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure, Rule 2002-1 of the Local Rules of Bankruptcy Procedure and Local ECF Procedure 4(b), this certifies that a copy of this Objection was served on all parties listed below via the Electronic Case Filing System maintained by this Court, or through such other means of service as noted below.

On February 3, 2015, Via ECF :

Scott Bernstein on behalf of Creditor Partners of Connecticut, LLC
sbernstein@mccarter.com

Michael R. Enright on behalf of Creditor HFG Healthco-4 LLC
menright@rc.com

Michael R. Enright on behalf of Creditor Healthcare Finance Group, LLC
menright@rc.com

Brett D. Fallon on behalf of Creditor Quest Diagnostics Incorporated
bfallon@morrisjames.com, wweller@morrisjames.com

Robert M. Fleischer on behalf of Creditor First American Commercial Bancorp, Inc. rfleischer@pryorcashman.com

Robert M. Fleischer on behalf of Creditor The Huntington National Bank
rfleischer@pryorcashman.com

Brendan T. Flynn on behalf of Interested Party George Jepsen
brendan.flynn@po.state.ct.us

James C. Graham on behalf of Creditor People's United Bank
jgraham@npmlaw.com,
npm.bankruptcy@,gmail.com;bankruptcy@,npmlaw.com;sgibbons@,npmlaw.com

Honor S. Heath on behalf of Creditor The Connecticut Light and Power Company honor.heath@nu.com, honor_s_heath@hotmail.com

Honor S. Heath on behalf of Creditor Yankee Gas Services Company
honor.heath@nu.com, honor_s_heath@hotmail.com

Eric A. Henzy on behalf of Debtor Home & Community Health Services, Inc.
ehenzy@reidandriege.com

Eric A. Henzy on behalf of Debtor Home & Community Health Services, Inc.
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Debtor Johnson Health Care, Inc.

ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Debtor Johnson Memorial Hospital, Inc.
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Debtor Johnson Memorial Medical Center, Inc.
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Debtor Johnson Professional Associates, P.C.
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Eric A. Henzy on behalf of Debtor The Johnson Evergreen Corporation
ehenzy@reidandriege.com, umongrain@rrlawpc.com

Abigail Hausberg on behalf of U.S. Trustee U. S. Trustee
USTPREGION02.NH.ECF@USDOJ.GOV

Thomas S. Marrion on behalf of Creditor Saint Francis Care, Inc.
tmarrion@haslaw.com, jradel@haslaw.com

Kim L. McCabe on behalf of U.S. Trustee U. S. Trustee kim.mccabe@usdoj.gov

Benjamin Mintz on behalf of Creditor HFG Healthco-4 LLC bmintz@kayescholer.com

Benjamin Mintz on behalf of Creditor Healthcare Finance Group, LLC
bmintz@kayescholer.com

Ann M. Nevins on behalf of Creditor Pension Benefit Guaranty Corporation
ann.nevins@usdoj.gov

Jon P. Newton on behalf of Debtor Home & Community Health Services, Inc.
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Debtor Johnson Health Care, Inc.
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Debtor Johnson Memorial Hospital, Inc.
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Debtor Johnson Memorial Medical Center, Inc.
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Debtor Johnson Professional Associates, P.C.
jnewton@reidandriege.com, umongrain@rrlawpc.com

Jon P. Newton on behalf of Debtor The Johnson Evergreen Corporation jnewton@reidandriege.com, umongrain@rrlawpc.com

Henry A. Salton on behalf of Creditor State of Connecticut Department of Social Services Henry.Salton@po.state.ct.us

JoAnn C. Silvia on behalf of Creditor Michalik, Bauer, Silvia & Ciccarillo, LLP jsilvia@mbsclawyers.com

Douglas S. Skalka on behalf of Creditor People's United Bank dskalka@npmlaw.com, bankruptcv@npmlaw.com:smowerv@npmlaw.com:npm.bankruptcv@gmail.com:ecrafts@npmlaw.com

Jeffrey M. Thomen on behalf of Creditor Partners of Connecticut, LLC jthomen@mccarter.com

Jared S. Wiesner on behalf of Creditor Pension Benefit Guaranty Corporation wiesner.jared@pbgc.gov, efile@pbgc.gov

Michael S. Wrona on behalf of Creditor Clifford A. Zucker wrona@halloran-sage.com, pinell@halloran-sage.com

                                                By    /s/ Craig I. Lifland
                                                    Craig I. Lifland
                                                    Fed. Bar No. ct00976
                                                    lifland@halloransage.com
                                                    HALLORAN & SAGE LLP