UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: | ) Chapter 11 |
| | ) |
| JOHNSON MEMORIAL | ) Jointly Administered under |
| MEDICAL CENTER, INC., et al.,[1] | ) Case No. 15-20056 (ASD) |
| | ) |
| Debtors | ) |

**DEBTORS' APPLICATION FOR AUTHORITY TO EMPLOY
<u>ACCOUNTANTS NUNC PRO TUNC</u>**

Johnson Memorial Medical Center, Inc. ("JMMC"), Johnson Memorial Hospital, Inc. ("JMH"), The Johnson Evergreen Corporation ("JEC"), Home & Community Health Services, Inc. ("HCHS"), Johnson Health Care, Inc. ("JHC"), and Johnson Professional Associates, P.C. ("JPA"; together with JMMC, JMH, JEC, HCHS and JHC, the "Debtors"), by and through their proposed attorneys, Reid and Riege, P.C., hereby apply to this Court, pursuant to Bankruptcy Code section 327(a), for an order authorizing them to employ Marcum LLP ("Marcum") as their accountants, nunc pro tunc to the date on which the Debtors filed their Chapter 11 cases (the "Application"), and, in support thereof, respectfully represent as follows:

1.    On January 14, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut. Since the

---

[1] Johnson Memorial Medical Center, Inc., Case No. 15-20056, Johnson Memorial Hospital, Inc., Case No. 15-20057, Home & Community Health Services, Inc., Case No. 15-20060, Johnson Health Care, Inc., Case No. 15-20061, The Johnson Evergreen Corporation, Inc., Case No. 15-20062, Johnson Professional Associates, P.C., 15-20063.

Petition Date, the Debtors have continued in possession and management of their businesses and properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors, except for JPA, are private, not for profit corporations. JMMC is the parent corporation of JMH, JHC and HCHS. JMMC also owns real estate in Enfield, Connecticut, including two medical office buildings. JMMC's revenue in 2014 was approximately $1.2 million.

3. JMH owns and operates a ninety-two bed, acute care hospital located in Stafford Springs, Connecticut. JMH also leases space in the Enfield property from JMMC, where JMH operates a surgery center, an advanced wound care center, and an infusion center. JMH offers a comprehensive array of inpatient and outpatient services, including medical and surgical, obstetrics and gynecology, pediatrics, behavioral health, intensive/coronary care, infusion and chemotherapy, rehabilitation and emergency care. JMH has approximately 607 employees and its revenue in 2014 was approximately $67 million.

4. JEC owns and operates a 180-bed skilled nursing facility located in Stafford Springs, Connecticut. JEC leases the land on which the nursing facility is located from JMH. Services provided by JEC include skilled nursing care, palliative/hospice care, physical medicine and rehabilitation, occupational therapy, speech therapy, restorative nursing, wound management, pain management and nutritional education. JEC has approximately 281 employees and its 2014 revenue was approximately $16.6 million.

5. HCHS provides home health and hospice care to residents of North Central Connecticut. Services provided by HCHS include skilled nursing, behavioral health, wound care, hospice, bereavement, palliative care, physical, occupational and joint replacement therapy,

cancer care rehabilitation, cardio/respiratory rehabilitation, health screenings, flu clinics and health education programs. HCHS has approximately 67 employees and its revenue in 2014 was approximately $5.64 million.

6. JHC provides occupational medicinal services. JHC works exclusively with businesses, and offers, among other services, effective management of workers' compensation cases and return to work programs. Services provided by JHC include physical exams, drug screenings, rehabilitation, worksite assistance focused on safety and productivity, ergonomic evaluations, medical surveillance exams, travel immunizations, and educational programs, clinics and presentations. JHC has approximately six employees and annual revenue of approximately $525,000.

7. JPA revenue in 2014 was approximately $3.3 million.

8. Since prior to 2008, the Debtors have faced significant financial operating deficits and struggled to maintain financial stability, especially in light of national trends of shrinking reimbursement levels, lower investment returns, and the need for hospitals generally to make ongoing and substantial investments in new medical and information technologies and facilities. Confronted with the reality that, due to market and government regulatory forces in the health care industry, lack of capital, reduced government reimbursement rates, low census and an unsustainable level of debt, continuing to operate as independent, stand alone entities would be extremely difficult, the Debtors commenced these cases to sell substantially all of their assets, without delay, to Saint Francis *Care*, Inc., pursuant to Bankruptcy Code section 363. Such a sale will preserve and maximize the going concern value of the Debtors' properties, preserve and provide jobs for the Debtors' employees, and allow for the continued delivery of healthcare

services to residents of North Central Connecticut. The Debtors believe that the proposed sale is the best available alternative to accomplish the foregoing under all of the facts and circumstances.

9. Prior to the Petition Date, JMMC, JMH, JEC, and HCHS employed Marcum as their accountants to audit their balance sheets, as of September 30, 2014, and the related statements of operations, changes in net assets and cash flows for the year then ended. In connection therewith, those Debtors and Marcum entered into an engagement letter dated December 15, 2014, which is attached hereto as **EXHIBIT A**, and incorporated herein by reference. Marcum is a large, full service accounting firm which maintains an office, among other locations, at CityPlace II, 185 Asylum Street, Hartford, Connecticut 06103. As a result of such employment, Marcum has become familiar with the Debtors' finances. Marcum has gained the confidence of the Debtors' management, and is well equipped to perform the services requested.

10. The Debtors selected Marcum because of its excellent reputation and its broad experience in matters of this kind and nature. The Debtors believe that Marcum is well qualified to serve them in their Chapter 11 cases in an efficient and timely manner and the Debtors wish to continue to employ Marcum as their accountants in their cases. The services of Marcum are necessary to enable the Debtors to execute their duties as debtors in possession in these cases.

11. To the best of the Debtors' knowledge, Marcum has no connection with the Debtors, the Debtors' creditors or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee except as stated in the annexed affidavit of Christopher A. Jackson; represents no interest adverse to the

Debtors or their estates; and is disinterested as that term is defined in Bankruptcy Code section 101(14).

12. Marcum is willing to perform accounting services in accordance with the following compensation arrangement. Marcum will base its fees upon its regular hourly rates, which range from $90 per hour to $450 per hour. Based upon its estimates as set forth in **EXHIBIT A**, Marcum's fees shall not exceed $164,800 plus expenses, absent further order of the Court. Prior to the Petition Date, Marcum received a pre-petition retainer of $164,800. Marcum will seek Court approval for the payment of its fees and expenses under the applicable provisions of the Bankruptcy Code. The payment of Marcum's fees and expenses has been guaranteed by St. Francis Hospital and Medical Center.

13. Further, the Debtors request that Marcum's employment be approved on a nunc pro tunc basis, so that Marcum's retention would be effective as of the Petition Date. Marcum began its services for the Debtors prior to the Petition Date and has continued to perform such services. Since the Petition Date, the Debtors and their counsel have attended to various matters which required their immediate attention, including, *inter alia*, the various first-day motions and orders, including supporting documentation thereto, the Debtors' proposed financing and objections thereto, the Debtors' proposed sale and bid procedures, the organizational meeting, dealing with utilities and deposit issues, addressing various banking issues, addressing various customer issues, helping prepare the Debtors' Chapter 11 schedules, and addressing the various questions and issues surrounding the operation of the Debtors as they transition to debtors in possession. In addition, Marcum only just obtained the list of legacy creditors to aid them in making the requisite disclosures related to their employment.

14. Notice of this Application has been given to, among others, the Office of the United States Trustee for the District of Connecticut.

15. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order approving the Debtors' employment of Marcum as their accountants as set forth above and in **EXHIBIT A**, nunc pro tunc to the Petition Date, and granting the Debtors such other and further relief as the Court deem just and proper.

Dated at Hartford, Connecticut, this 18th day of February, 2015.

        JOHNSON MEMORIAL MEDICAL CENTER, INC., JOHNSON MEMORIAL HOSPITAL, INC., THE JOHNSON EVERGREEN CORPORATION, HOME & COMMUNITY HEALTH SERVICES, INC., JOHNSON HEALTH CARE, INC., and JOHNSON PROFESSIONAL ASSOCIATES, INC.

By   /s/ Jon P. Newton
     Jon P. Newton, Esq.
     Federal Bar No. ct03376
     Reid and Riege, P.C.
     Their Attorneys
     One Financial Plaza, 21st Floor
     Hartford, CT 06103
     (860) 240-1090