UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In Re: | Chapter 11 |
| JOHNSON MEMORIAL MEDICAL CENTER, INC., et al.,[1] | Jointly Administered under Case No. 15-20056 (ASD) |
| Debtors. | |

### MOTION OF PATIENT CARE OMBUDSMAN ANNE CAHILL DUFOUR AND DEBTORS FOR ORDER AUTHORIZING REVIEW OF CONFIDENTIAL PATIENT RECORDS AND APPROVING MANNER OF SERVICE ON PATIENTS

Anne Cahill Dufour, Patient Care Ombudsman in four of these jointly administered cases, and the Debtors herein, by and through their respective undersigned counsel, hereby move for an order pursuant to 11 U.S.C. § 333 and Federal Rule of Bankruptcy Procedure 2015.1 approving access and review of confidential patient records by the Ombudsman, and approving the restrictions described herein to protect the confidentiality of such records. In addition, the movants request this Court's approval of a proposed means of notice to patients.

### JURISDICTION AND STATUTORY PREDICATE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief sought herein is 11 U.S.C. §§ 105 and 333.

---

[1] Johnson Memorial Medical Center, Inc., Case No. 15-20056; Johnson Memorial Hospital, Inc., Case No. 15-20057; Home & Community Health Services, Inc., Case No. 15-20060; Johnson Health Care, Inc., Case No. 15-20061; The Johnson Evergreen Corporation, Inc., Case No. 15-20062; Johnson Professional Associates, P.C., Case No. 15-20063.

{H1090307 2 }
22900.036/621860.2

## BACKGROUND AND RELIEF REQUESTED

2. Anne Cahill Dufour (the "Ombudsman") was appointed by the United States Trustee pursuant to notice filed herein on February 6, 2015, at Docket No. 88 (the "Notice of Appointment"), to serve as Patient Care Ombudsman in four of these jointly administered cases (hereinafter the "Non-Long Term Patient Care Debtors") as follows:

> Johnson Memorial Hospital, Inc., Case No. 15-20057;
> Home & Community Health Services, Inc., Case No. 15-20060;
> Johnson Health Care, Inc., Case No. 15-20061;
> Johnson Professional Associates, P.C., Case No. 15-20063.

3. 11 U.S.C. § 333(b) provides, *inter alia*, that an ombudsman shall monitor the quality of patient care to the extent necessary under the circumstances, and shall report to the Court every sixty (60) days following the ombudsman's appointment.

4. In order to adequately monitor the quality of patient care, the Ombudsman seeks to review certain patient records. 11 U.S.C. § 333(c)(1) provides that an ombudsman shall maintain any information obtained under Section 333 that relates to patients[2], including information relating to patient records[3], as confidential information. That section further provides that the Ombudsman may not review confidential patient records unless the Court approves that review in advance and imposes restrictions on the Ombudsman to protect the confidentiality of such records.

5. Dissemination by the Debtors of information relating to their patients may also be governed by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). 42 U.S.C. § 1320d *et seq.* "HIPAA" and the standards promulgated by the Secretary of Health and Human Services ("Secretary") in the Code of Federal Regulations set forth the baseline for the

---

[2] The Bankruptcy Code defines a "patient" as "any individual who obtains or receives services from a health care business." 11 U.S.C. § 101(40A).
[3] The Bankruptcy Code defines "patient records" as "any written document relating to a patient or record recorded in a magnetic, optical, or other form of electronic medium." 11 U.S.C. § 101(40B).

{H1090307.2 }

2

release of health information." *Law v. Zuckerman*, 307 F. Supp. 2d 705, 708 (D.Md. 2004). In the course of any judicial proceeding HIPPA permits disclosure of "protected health information," as the term is defined in HIPAA in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by the order. 45 C.F.R. § 164.512(e)(1)(i).

6. Accordingly, the Ombudsman seeks the Court's approval as required by Section 333(c), for access to confidential patient information in accordance with HIPAA.

7. 11 U.S.C. § 333(c)(1) requires the Court to impose restrictions on the Ombudsman to protect the confidentiality of patient records. The Ombudsman and Debtors propose to employ the restrictions contained in the Business Associate Agreement to be executed by Debtors and the Ombudsman, which is attached hereto as **Exhibit B** and incorporated herein by reference.

### HEARING AND SERVICE ISSUES

8. Federal Rule of Bankruptcy Procedure 2015.1(b) provides, *inter alia*, that a motion by a patient care ombudsman under 11 U.S.C. § 333(c) to review confidential patient records shall be served on the patient and any family member or other contact person whose name and address has been given to the Trustee or the Debtor for the purpose of providing information regarding the patient's health care, and transmitted to the United States Trustee subject to applicable non-bankruptcy law relating to patient privacy. The Debtors, however, note that patients in the Non-Long Term Care Proceedings are essentially all temporary and the vast majority are very short term visitors to the respective facilities. Thus service upon patients at any given moment, the movants submit, is not appropriate or meaningful in the context of these proceedings.

9. Movants respectfully suggest to the Court that service on patients in the Non-Long Care Proceedings can be best effected by the following procedures:

   a. Except for emergency room admissions, patients admitted to the facilities shall receive at the time of admission a notice substantially similar to **Exhibit A** appended hereto (the "Patient Notice") describing the appointment and role of the Ombudsman and providing the Ombudsman's contact information, and advising that the Ombudsman may interview the patient and may review and have access to patient's private health information and other hospital records pertaining to patient unless the patient or his or her legal guardian indicates on such form that they deny such authorization.

   b. Patients entering the hospital's emergency department or requiring emergency treatment at any of the facilities will be presented the Patient Notice upon discharge.

   c. The Ombudsman as she deems appropriate may interview any patient or legal guardian not signing the Patient Notice or indicating thereon that the patient or legal guardian denies the Ombudsman access to the patient's confidential records and may request their authorization for her access to the records, but in such event only if the patient or legal guardian then affirmatively executes such authorization shall the Ombudsman be granted such access.

## CONCLUSION

**THEREFORE**, the Ombudsman and the Debtors respectfully request that the Court grant this Motion authorizing the Ombudsman to review confidential patient records in the manner proposed herein, to approve the notice requirements and confidentiality provisions set forth herein, and for such other and further relief as the Curt deems appropriate.

Johnson Memorial Hospital, Inc.
Home & Community Health Services, Inc.
Johnson Health Care, Inc.
Johnson Professional Associates, P.C.

By: /s/ Jon P. Newton
Jon P. Newton
Federal Bar No. ct03376
Reid and Riege PC
One Financial Plaza
Hartford, CT 06103-2600
Telephone (860) 278-1150
Facsimile (860) 240-1002
jnewton@rrlawpc.com

Anne Cahill Dufour, Patient Care Ombudsman

By: /s/ Carl T. Gulliver
Carl T. Gulliver
Federal Bar No. ct00944
Counsel to the Patient Care Ombudsman
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511
(203) 624-4756
(203) 865-3673 FAX
cgulliver@coanlewendon.com