**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| JOHNSON MEMORIAL MEDICAL CENTER INC., et al. | : | CASE NO. 15-20056 (ASD) |
| | : | |
| Debtors | : | |
| _____ | : | |
| | : | |
| JEFFREY LOVE, Administrator of the Estate of Teresa M. Love, and Individually, | : | CONTESTED MATTER |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHNSON MEMORIAL HOSPITAL, INC. | : | |
| | : | |
| Respondent | : | MARCH 16, 2015 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO**
**PURSUE PERSONAL INJURY ACTION PENDING IN STATE COURT**

Pursuant to 11 U.S.C. § 362(d), Jeffrey Love, Administrator of the Estate of his late wife, Teresa Love ("Love"), and individually, respectfully moves this honorable Court to lift and/or modify the Automatic Stay imposed by 11 U.S.C. § 362(a), to permit him (1) to liquidate a state court personal injury claim against the Debtor, Johnson Memorial Hospital, Inc., (the "Debtor"), and (2) to recover against any applicable insurance policy available to cover the claims alleged in the State Court Actions (as that is defined below). As grounds therefore, Love represents as follows:

## INTRODUCTION

1. On January 14, 2015 (the "Petition Date"), the Debtor, filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), 11 U.S.C. § 101 *et seq*.

2. The Debtors operated a hospital in Stafford Springs, Connecticut known as Johnson Memorial Hospital.

3. By writ summons and complaint dated January 8, 2015, the plaintiff initiated a lawsuit in the Rockville Superior Court entitled *Jeffrey J. Love, Administrator of the Estate of Teresa Love v. Neil Moynihan, M.D. et al.*, Docket No. CV 15 6008925 S (Love Complaint 1).

4. On or about February 13, 2015 by writ summons and complaint, the plaintiff initiated a lawsuit in the Hartford Superior Court entitled *Jeffrey J. Love, Administrator of the Estate of Teresa Love v. Niv E. Decalo, M.D. et al.*, Docket No. CV 15 6057499 S (Love Complaint 2).

5. The two actions are related actions arising from a hospital admission whereby the plaintiff's decedent died. The debtor, Johnson Memorial Hospital, is a named defendant in both actions.

6. The State Court actions allege inter alia that the debtors' agents, apparent agents, servants, and employees failed to properly care for plaintiff's decedent, Teresa Love, and as a result of the negligent conduct of the debtor, Teresa Love was caused to expire. Copies of the complaints in the State Court Actions are attached hereto as Exhibit A.

7.     Upon information and belief, the debtors have one or more insurance policies that would cover the claims asserted in the State Court Actions in the amount of $1 million dollars per person.

**RELIEF REQUESTED**

8.     Pursuant to 11 U.S.C. § 362(d): "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-- (1) for cause, including the lack of adequate protection of an interest in property of such party in interest…."

9.     Pursuant to 28 U.S.C. § 157(b)(2)(O), personal injury plaintiffs are entitled to have their claims litigated in state court. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990)[1]; *In re Erickson*, 330 B.R. 346, 349 (Bankr. D. Conn. 2005).

10.     In this case, the applicable *Sonnax* factors favor granting Love's Motion. Specifically, the State Court Action alleges personal injury claims within the purview of 28 U.S.C. § 157(b)(2)(O) and the Debtors have insurance to cover said claims. Thus, Love has demonstrated "cause" for this Court to lift and/or modify the Automatic Stay. *In re Grace*

---

[1] The Second Circuit has identified twelve factors that are considered in determining whether to grant stay relief for "cause":

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms

*Indus., Inc.*, 341 B.R. 399, 405 (Bankr. E.D.N.Y. 2006) ("....the interests or desires of the insurance company which provides coverage of the claim are not considered in determining whether the stay should be lifted.") *aff'd as modified sub nom. Admiral Ins. Co. v. Grace Indus., Inc.*, 409 B.R. 275 (E.D.N.Y. 2009).[2] Granting this Motion will permit Love to pursue the State Court Actions in their respective Superior Courts.

WHEREFORE, Love prays that the Court enter an order lifting and/or modifying the Automatic Stay so that he may (1) pursue the State Court Actions to completion, (2) recover against applicable insurance of the Debtors with respect to such claims as are asserted in the State Court Actions and (3) such other relief as may be just and proper.

>                    JEFFREY LOVE, Individually and as
>                    Administrator of the Estate of Teresa M. Love
>
>
>                    By:    /s/Michael J. Walsh
>                           Michael J. Walsh, Esq. (ct09111)
>                           Walsh Woodard, LLC
>                           527 Prospect Avenue
>                           West Hartford, CT 06105
>                           Phone: (860) 549-8440
>                           Fax: (860) 549-8443
>                           mwalsh@walshwoodard.com

---

[2] Lastly, to the extent coverage under the Debtors' insurance policies is insufficient to compensate Love in the State Court Actions, Love is not seeking relief from stay to execute against assets of the Estate at this time. However, Love is reserving all rights to fully pursue claims in the State Court Actions and, if necessary, seek further orders from this Court.