UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re:<br><br>JOHNSON MEMORIAL<br>MEDICAL CENTER, INC., et al.,[1]<br><br>Debtors | Chapter 11<br><br>Jointly Administered under<br>Case No. 15-20056 (ASD) |

**MOTION FOR EXTENSION OF TIME TO SEEK ASSUMPTION OR REJECTION OF
NONRESIDENTIAL REAL PROPERTY LEASES**

Johnson Memorial Medical Center, Inc. ("JMMC"), Johnson Memorial Hospital, Inc. ("JMH"), Home & Community Health Services, Inc. ("HCHS"), Johnson Health Care, Inc. ("JHC"), The Johnson Evergreen Corporation, Inc. ("JEC"), and Johnson Professional Associates, P.C. ("JPA"; together with JMMC, JMH, HCHS, JHC, and JEC, the "Debtors"), by and through their counsel, Reid and Riege, P.C., hereby move this Court, pursuant to Bankruptcy Code section 365(d)(4)(B), for an extension of time to seek to assume or reject their nonresidential real property leases and, in support thereof, respectfully represent as follows:

1. On January 14, 2015 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Connecticut. Since the Petition Date, the Debtors have continued in possession and management of their businesses and

---

[1] Johnson Memorial Medical Center, Inc., Case No. 15-20056, Johnson Memorial Hospital, Inc., Case No. 15-20057, Home & Community Health Services, Inc., Case No. 15-20060, Johnson Health Care, Inc., Case No. 15-20061, The Johnson Evergreen Corporation, Inc., Case No. 15-20062, Johnson Professional Associates, P.C., 15-20063.

properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Shortly thereafter, the Court entered an order for the joint administration of the Debtors' bankruptcy cases.

2. The Debtors, except for JPA, are private, not for profit corporations. JMMC is the parent corporation of JMH, JHC and HCHS. JMMC also owns real estate in Enfield, Connecticut, including two medical office buildings. JMMC's revenue in 2014 was approximately $1.2 million.

3. JMH owns and operates a ninety-two bed, acute care hospital located in Stafford Springs, Connecticut. JMH also leases space in the Enfield property from JMMC, where JMH operates a surgery center, an advanced wound care center, and an infusion center. JMH offers a comprehensive array of inpatient and outpatient services, including medical and surgical, obstetrics and gynecology, pediatrics, behavioral health, intensive/coronary care, infusion and chemotherapy, rehabilitation and emergency care. JMH has approximately 607 employees and its revenue in 2014 was approximately $67 million.

4. JEC owns and operates a 180-bed skilled nursing facility located in Stafford Springs, Connecticut. JEC leases the land on which the nursing facility is located from JMH. Services provided by JEC include skilled nursing care, palliative/hospice care, physical medicine and rehabilitation, occupational therapy, speech therapy, restorative nursing, wound management, pain management and nutritional education. JEC has approximately 281 employees and its 2014 revenue was approximately $16.6 million.

5. HCHS provides home health and hospice care to residents of North Central Connecticut. Services provided by HCHS include skilled nursing, behavioral health, wound care, hospice, bereavement, palliative care, physical, occupational and joint replacement therapy,

cancer care rehabilitation, cardio/respiratory rehabilitation, health screenings, flu clinics and health education programs. HCHS has approximately 67 employees and its revenue in 2014 was approximately $5.64 million.

6. JHC provides occupational medicinal services. JHC works exclusively with businesses, and offers, among other services, effective management of workers' compensation cases and return to work programs. Services provided by JHC include physical exams, drug screenings, rehabilitation, worksite assistance focused on safety and productivity, ergonomic evaluations, medical surveillance exams, travel immunizations, and educational programs, clinics and presentations. JHC has approximately six employees and annual revenue of approximately $525,000.

7. JPA revenue in 2014 was approximately $3.3 million.

8. Since prior to 2008, the Debtors have faced significant financial operating deficits and struggled to maintain financial stability, especially in light of national trends of shrinking reimbursement levels, lower investment returns, and the need for hospitals generally to make ongoing and substantial investments in new medical and information technologies and facilities. Confronted with the reality that, due to market and government regulatory forces in the health care industry, lack of capital, reduced government reimbursement rates, low census and an unsustainable level of debt, continuing to operate as independent, stand alone entities would be extremely difficult, the Debtors commenced these cases to sell substantially all of their assets, without delay, to Saint Francis *Care*, Inc., pursuant to Bankruptcy Code section 363. Such a sale will preserve and maximize the going concern value of the Debtors' properties, preserve and provide jobs for the Debtors' employees, and allow for the continued delivery of healthcare

services to residents of North Central Connecticut. The Debtors believe that the proposed sale is the best available alternative to accomplish the foregoing under all of the facts and circumstances.

9. In fact, with respect to JMMC, JMH, HCHS and JHC, such Debtors, on March 27, 2015, filed a motion to sell substantially all of their assets to St. Francis *Care*, Inc. A hearing on this sale took place before this Court on May 6, 2015, at which time the Court granted such Debtors' motion. Because the Debtors still need to obtain approval of the sale by the State of Connecticut, however, and because that approval process is typically rather lengthy, it is expected that the closing of the sale will still not occur for a number of months.

10. With respect to JEC, such Debtor, on January 15, 2015, filed a motion to sell substantially all of its assets to St. Francis *Care*, Inc. On March 27, 2015, the Court entered an order approving bid procedures in connection with the proposed sale. A hearing on this sale is scheduled to take place on July 28, 2015 at 2:00 p.m.

11. Certain of the Debtors, as lessees, lease nonresidential real property from other entities, some of which are also Debtors, pursuant to unexpired leases. Such leases are listed, by Debtor, on the attached **EXHIBIT A** (such leases hereinafter referred to, collectively, as the "Leases").

12. Under Bankruptcy Code section 365(d)(4)(A), and subject to subparagraph (B), if the Debtors do not assume or reject the Leases within one hundred twenty (120) days after the date of the order for relief, then the Leases are deemed rejected and the Debtors must surrender the underlying properties to the lessors. Such 120-day period runs through and including May 14, 2015.

13. Bankruptcy Code section 365(d)(4)(B)(i) provides that, "The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause."

14. By this Motion, the Debtors request an extension of time of 90 days, as set forth in Bankruptcy Code section 365((d)(4)(B)(i), to seek the assumption or rejection of the Leases.

15. The Debtors operate their businesses on the properties subject to the Leases. With the sale of JMMC, JMH, HCHS and JHC having been approved by this Court, but still subject to the State approval process, such Debtors are not yet in a position to close on such sale and do not expect to be in such position for a number of months. Similarly, the sale hearing for JEC is scheduled for July 28, 2015 and, if that sale is approved, that closing too will not occur for some time. Given the uncertainty at this time of the sales and the possible closing dates, the Debtors are not yet well situated to make a decision as to whether or not to assume or reject the Leases. The rejection of the Leases at this time would jeopardize the Debtors' ability to operate their businesses. By the same token, without the requested extension, the Debtors would be at risk of prematurely seeking to assume Leases that the Debtors may determine to be burdensome.

16. In light of the foregoing, sufficient cause exists to grant the Debtors an extension of time. As stated above, the Debtors propose that they be allowed an additional ninety (90) days, so that they must seek to assume or reject the Leases on or before August 12, 2015, absent further order of the Court.

WHEREFORE, the Debtors respectfully request this Court to enter an order allowing them a ninety (90) day extension - to August 12, 2015 – to seek to assume or reject the Leases and granting them such other and further relief as is just and equitable.

Dated at Hartford, Connecticut, this 8th day of May, 2015.

        JOHNSON MEMORIAL MEDICAL
        CENTER, INC., JOHNSON MEMORIAL
        HOSPITAL, INC., HOME & COMMUNITY
        HEALTH SERVICES, INC., JOHNSON HEALTH
        CARE, INC., THE JOHNSON EVERGREEN
        CORPORATION, INC., and JOHNSON
        PROFESSIONAL ASSOCIATES, INC.

By    /s/ Jon P. Newton
       Eric Henzy
       Federal Bar No. ct12849
       Jon P. Newton
       Federal Bar No. ct03376
       Reid and Riege, P.C.
       One Financial Plaza
       Hartford, CT 06103-2600
       (860) 278-1150
       Fax (860) 240-1002
       ehenzy@rrlawpc.com
       jnewton@rrlawpc.com
       Their Attorneys